UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE STEEL NETWORK, INC., | ) | Case No. 09-81230 C-11 |
| Debtor | ) | [Administratively Consolidated] |
| | ) | |
| In re: | ) | |
| | ) | |
| APPLIED SCIENCE INTERNATIONAL, LLC, | ) | Case No. 09-81231 C-11 |
| Debtor | ) | |
| | ) | |
| THE STEEL NETWORK, INC., | ) | |
| Plaintiff and Counterclaim Defendant | ) | |
| v. | ) | |
| MICHAEL L. TORRES, | ) | Adversary Proceeding No. 10-09019 |
| Defendant, Counterclaim Plaintiff and Third-Party Plaintiff | ) | |
| v. | ) | |
| EDWARD DIGIROLAMO, | ) | |
| Third-Party Defendant | ) | |

**MOTION TO DISMISS THIRD-PARTY COMPLAINT
OR, IN THE ALTERNATIVE, TO ABSTAIN**

NOW COMES Edward diGirolamo, Third-Party Defendant ("diGirolamo"), and hereby moves this Court for an Order dismissing the third-party claims by the Defendant and Third-Party Plaintiff, Michael L. Torres ("Torres"), pursuant to Rules 7012, 7014 and 7021 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §1334(b) or, in the alternative, for this Court to refrain from exercising jurisdiction over the third-party claims raised by Torres pursuant to 28 U.S.C. §1334(c)(1). In support thereof, diGirolamo respectfully shows unto the Court the following:

## Factual Background

1. The Steel Network, Inc., Debtor-in-Possession ("TSN"), filed this Adversary Proceeding to determine, avoid and recover a fraudulent transfer as well as to determine the validity, extent and priority of lien. The Complaint is a core proceeding under 28 U.S.C. §157(b)(2) and concerns the validity and priority of a stock redemption agreement, promissory note and security agreement executed by TSN and Torres.

2. Torres filed a Counterclaim against TSN alleging claims of breach of contract, conversion, unjust enrichment and recovery of attorney's fees. Simultaneously, Torres filed a Third-Party Complaint against diGirolamo alleging causes of action for breach of fiduciary duty, constructive fraud, fraud, negligent misrepresentation and a claim for punitive damages (the "Third-Party Claims"), the validity of which are contested and denied by diGirolamo.

3. The Third-Party Claims were originally alleged as a part of a complaint in an action filed by Torres in the Superior Court Division of Wake County, captioned "Michael L. Torres v. The Steel Network, Inc., Edward diGirolamo and Bank of America, N.A.", case no. 09-CvS-3654 (the "State Court Action"). Pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, Torres filed a voluntary dismissal of the State Court Action concurrently with the filing of the Third-Party Complaint in this proceeding.

4. The Third-Party Claims are non-core disputes and issues, based on state law, which do not arise in or are related to this Adversary Proceeding and TSN's Chapter 11 case. The outcome and determination of the Third-Party Claims do not affect the administration of TSN's estate or are of significant connection with TSN's Chapter 11 case.

## Motion to Dismiss (Rule 7014)

1. Pursuant to Rule 7014 which incorporates Rule 14 of the Federal Rules of Civil Procedure, a defendant may join a person not a party to the action who is or may be liable to him for

all or part of the plaintiff's claim against him. Accordingly, third party practice permits the joinder of a third party defendant only when such third party defendant may be liable to the third party plaintiff for all or part of the plaintiff's claim.

2. The Third-Party Claims filed by Torres are not related to TSN's claims against Torres. TSN seeks declaratory relief against Torres without seeking monetary relief and a party may only be impleaded under Rule 7014 if the defendant is attempting to pass on to the third party all or part of the liability asserted against the defendant. The Third-Party Claims in question neither seek indemnity nor contribution and are independent of TSN's claims and by reason thereof impleader is not appropriate and the Third-Party Claims should be dismissed.

## Motion to Dismiss (Rule 7012)

1. The Third-Party Claims are non-core disputes over which the Court lacks jurisdiction of the subject matter and should be dismissed pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure which incorporates Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2. Pursuant to 28 U.S.C. §1334(b), district courts have original jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. District courts have authority to refer such cases to the bankruptcy courts pursuant to 28 U.S.C. §157. Bankruptcy courts may hear and determine all cases under Title 11 and core proceedings arising under or arising in a case under Title 11. 28 U.S.C.§157(a) and (b). Proceedings that are merely "related to" a case under Title 11 are non-core which the bankruptcy court may not enter a final order or judgment absent consent of all parties. 28 U.S.C.§157(c).

3. The Third-Party Claims alleged by Torres are non-core proceedings which do not arise in TSN's Chapter 11 case and which diGirolamo has the right for trial by jury. Accordingly, the Court has subject matter jurisdiction only if the Third-Party Claims are "related to" TSN's Chapter 11 case.

4. The Third-Party Claims are based on state law and could not have been commenced in the Federal Court since they do not raise a federal question and there is no diversity jurisdiction. Accordingly, absent "related to" jurisdiction, the Third-Party Claims should be dismissed.

5. The Third-Party Claims do not "relate to" TSN's Chapter 11 case. The claims are based entirely on issues of state law and no federal claims or bankruptcy causes of action have been alleged. The outcome of the Third-Party Claims does not have any affect on TSN's estate and does not alter TSN's rights and liabilities or impact the handling and administration of the estate. Accordingly, the Third-Party Claims should be dismissed for lack of subject matter jurisdiction under Rule 7012.

### Motion to Abstain (28 U.S.C. §1334(c)(1)

1. In the alternative, if the Court determines it has "related to" jurisdiction over the Third-Party Claims, the Third-Party Defendant diGirolamo respectfully requests the Court to exercise discretionary abstention under 28 U.S.C. §1334(c)(1).

2. Pursuant to 28 U.S.C. §1334(c)(1), a court may, in the interest of justice or in the interest of comity with state courts or respect for state law, abstain from hearing proceedings related to a case under Title 11.

3. The exercise of discretionary abstention as to the Third-Party Claims is supported in this instance by the following: (1) the state issues of the Third-Party Claims are predominant over the bankruptcy issues; (2) the issues involve difficult or unsettled questions of state law; (3) there is no existence of a jurisdictional basis other that "related to" jurisdiction under 28 U.S.C. §1334; (4) the degree of relatedness or remoteness to the Third-Party Claims to the main case; (5) the Third-Party Claims involve non-core issues and proceedings; (6) the right to a jury trial and (7) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court. All of these factors weigh heavily in favor of abstention and, for these reasons, this Court should be abstain from exercising jurisdiction over the Third-Party Claims.

4

Case 10-09019    Doc 17    Filed 06/03/10    Page 4 of 5

WHEREFORE, diGirolamo, Third-Party Defendant, respectfully prays the Court as follows:

1. The Third-Party Claims be dismissed; or

2. In the alternative, this Court abstain from exercising jurisdiction over the Third-Party Claims; and

3. For such other and further relief as the Court may deem just and proper.

This 2nd day of June, 2010.

/s/ Richard M. Hutson II
Richard M. Hutson II, Esq., State Bar #2822
Attorney for Edward diGirolamo, Third-Party Defendant
PO Drawer 2252-A
Durham NC 27702
Phone: (919) 683-1561

CERTIFICATE OF SERVICE

This is to certify that a copy of the forgoing was served on each of the parties as follows:

**-By automatic electronic noticing:**
Michael D. West, Esq.
U.S. Bankruptcy Administrator
bancm_ecf@ncmba.uscourts.gov

**-By depositing a copy with the U. S. Postal Service, postage prepaid:**

| John H. Small, Esq. | James C. White, Esq. |
| PO Box 26000 | PO Box 16103 |
| Greensboro NC 27420 | Chapel Hill NC 27516 |

This 2nd day of June, 2010.

/s/ Richard M. Hutson II
Richard M. Hutson II