UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re:<br><br>The Steel Network, Inc.<br>       Applied Science International, LLC<br>            Debtors-in-possession<br><br>**THE STEEL NETWORK, INC**<br>        **PLAINTIFF,**<br><br>v.<br><br>**MICHAEL L. TORRES,**<br>        **DEFENDANT, THIRD-**<br>        **PARTY PLAINTIFF,**<br>        **COUNTERCLAIM**<br>        **PLAINTIFF**<br><br>v.<br><br>**EDWARD DIGIROLAMO,**<br>        **THIRD-PARTY**<br>        **DEFENDANT, and**<br>**THE STEEL NETWORK, INC**<br>        **COUNTERCLAIM**<br>        **DEFENDANT** | Case No. 09-81230<br><br>Chapter 11<br>[Administratively Consolidated]<br><br>Case No. 09-81231<br><br><br>Adv. Pro. No.: 10-09019 |

**MEMORANDUM OF LAW IN RESPONSE TO MOTION TO DISMISS**

     Third-Party Defendant Edward DiGirolamo and Debtor the Steel Network have filed Motions to Dismiss Michael Torres' third party complaint against Mr. DiGirolamo alleging fraud and breach of fiduciary duty in connection with the agreement that is the subject of TSN's principal complaint. TSN asks that the third-party complaint against Mr. diGirolamo be dismissed even though a judgment against Mr. diGirolamo would reduce its liability and it would gain nothing by a dismissal of these claims. The contention by TSN and diGirolamo that the suit against him is unrelated to TSN's principal suit are wrong -- Mr. Torres' assertions against Mr.

diGirolamo go to the heart of TSN's allegations, and these issues must be decided in order to determine the validity of Torres' claim. The allegations of the third-party complaint against TSN and Edward diGirolamo are woven tightly into Mr. Torres' defenses, and those portions of the complaint that concern Mr. diGirolamo should not be dismissed.

**BACKGROUND FACTS**

TSN filed its Adversary Proceeding Complaint to determine the validity of Michael Torres' claim on March 19, 2010. The Complaint asserts four causes of action, it: (1) asserts that TSN can avoid its obligation to Mr. Torres as a fraudulent transfer under 11 U.S.C. § 548; (2) asks the Court to subordinate Mr. Torres claim under 11 U.S.C. § 510(b); (3) asks the Court to equitably subordinate Mr. Torres' claim under 11 U.S.C. § 510(b), apparently because of his "superior knowledge," even though CEO Edward diGirolamo deliberately withheld information regarding TSN's financial status from Mr. Torres; and (4) rescission under N.C. Gen. Stat. § 55-6-40. To decide these claims, the Court must hear evidence regarding the formation of Mr. Torres' agreement with TSN.

In response, Mr. Torres filed an Answer, a Counterclaim against TSN, and a Third-Party Complaint against Edward diGirolamo, alleging that diGirolamo induced Mr. Torres to enter into a stock purchase agreement at a time when Mr. Torres had the possibility of selling his stock to a third-party buyer. The counterclaim and third-party complaint allege that if, as TSN asserts in its Complaint, TSN became insolvent because of this ill-advised effort to defeat a third-party sale, then TSN and its CEO are liable for fraud.

2

## ARGUMENT

### I. THE THIRD-PARTY COMPLAINT IS PERMISSIBLE UNDER RULE 14.

Under Rule 14 of the Federal Rules of Civil Procedure, the plaintiff may assert against the third-party defendant <u>any</u> claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. Fed. R. Civ. P. 14(a)(3). Rule 14(a) allows a third-party defendant to be impleaded by a defending party when the outcome of the third-party claim is contingent on the outcome of the main claim against the defending party. <u>DIRECTV, Inc. v. Amerilink Corp.</u>, 1:01CV953, 2002 WL 31165149 (M.D.N.C. Aug. 21, 2002); <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Deloach</u>, 708 F. Supp. 1371, 1387 (S.D.N.Y.1989).

The Amended Third-Party Complaint makes it clear that both Mr. diGirolamo and TSN are liable for the same wrongs – fraud and negligent misrepresentation – and that recovery from Mr. diGirolamo would offset TSN's liability. When, as is the case here, a third-party is secondarily liable for "all or part of the liability asserted against the defendant." it is proper to implead them to the case. <u>GE Healthcare Fin. Svs v. EBW Laser, Inc</u>., 225 F.R.D. 176, 180 (M.D.N.C. 2004). Whether or not Mr. diGirolamo is a party to this suit, the facts that must be established are the same. Both TSN's allegations and Mr. Torres' allegations concern the circumstances of the stock purchase agreement between them. TSN is not correct when it contends that the dispute between Mr. Torres and Mr. diGirolamo are a dispute that is unrelated to TSN's complaint – particularly in light of the allegations of the Amended Third-Party Complaint and Counterclaim. These claims all arise from the same set of facts, the Third-Party

3

Defendant's liability will offset TSN's liability, and the Motions to Dismiss of both TSN and Mr. diGirolamo should be denied.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS MATTER BECAUSE IT IS "RELATED TO" THE TSN BANKRUPTCY.

DiGirolamo and TSN contend that this Court lacks subject matter jurisdiction over this matter because the claims at issue in this case are not "related to" the TSN bankruptcy. That is clearly not the case. If Torres prevails in this Adversary Proceeding, he will be TSN's single largest creditor. A fraud judgment against DiGirolamo in this same proceeding would mean that any payments by DiGirolamo would offset the amount of Torres' claim.

Bankruptcy courts, like the federal district courts, are courts of limited jurisdiction, and their jurisdiction is defined by 28 U.S.C. §§ 157 and 1334. 28 U.S.C. § 1334(b) grants federal district courts jurisdiction over three categories of bankruptcy proceedings: (1) civil proceedings "arising under" the bankruptcy code; (2) civil proceedings "arising in" a case under the bankruptcy code; and (3) civil proceedings "related to" a case under the bankruptcy code. The bankruptcy court, as a unit of the district court, derives its jurisdiction from the district court.

The court has jurisdiction over these claims under section 1334(b) because they are "related to" the TSN bankruptcy. A civil proceeding is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n. 11 (4th Cir.), cert. denied, 479 U.S. 876 (1986) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984))(emphasis

omitted). "[E]ven a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets the broad jurisdictional test articulated in *Pacor*." *Id.*

Applying the *Pacor* definition, this adversary proceeding could conceivably have an effect on the TSN bankruptcy estate since any settlement or judgment paid by Mr. diGirolamo offsets the claim which would otherwise be charged to the estate, leaving more of the estate's general assets available for whatever other distributions might be made.

Dismissing the claims against Mr. diGirolamo would have no impact whatsoever on the length of this trial or the evidence heard. The Third-Party Complaint arises out of the same operative facts as TSN's Complaint – the fact that the Complaint seeks declaratory relief is irrelevant. The Court has related to jurisdiction, and dismissing the claim or abstaining from hearing it would simply force the same matter to be tried a second time in state court, with that court hearing the same evidence as this one and risk an inconsistent outcome.

### III. THIS ACTION IS PROPERLY IN BANKRUPTCY COURT, AND THIS COURT SHOULD NOT ABSTAIN FROM HEARING THE THIRD-PARTY COMPLAINT

The remedies Mr. Torres seek against diGirolamo are based on allegations of misconduct by diGirolamo and TSN. Mr. Torres originally brought suit against both Mr. diGirolamo and TSN. The claims against Mr. diGirolamo are intertwined with those against TSN, and when TSN filed bankruptcy, the automatic stay stopped that action from going forward. Without the ability to compel discovery from TSN, Torres would be hamstrung in his ability to prosecute this action in state court, and the state court could not compel such discovery. Moreover, this Court is by far the most efficient venue in which to try these claims. As discussed earlier, the present

5

Case 10-09019    Doc 26    Filed 06/17/10    Page 5 of 8

action "relates to" the bankruptcy proceeding and, while the causes of action against Mr. diGirolamo are based on state law, they do not involve novel legal questions which would be better resolved by the state courts.  See, e.g. Blanton v. IMN Fin. Corp., 260 B.R. 257, 266 (M.D.N.C. 2001) (Court would not abstain from case in which mortgagors sued mortgage purchaser in state court based on loan originator's failure to fund loans.).

Mandatory abstention under 11 U.S.C. § 1334(c)(2) does not apply here because 1334(c)(2) requires a pending parallel state proceeding that involves the same issues as the federal proceeding.  In re Bay Vista of Virginia, Inc., 394 B.R. 820, 843 (Bankr. E.D. Va. 2008). But the state court action (which Mr. Torres dismissed when he brought the Third-Party Complaint in this case) is not parallel to the bankruptcy court action.  A parallel state action must "at a minimum involve[] the same issues *and parties* as the federal litigation." Id. at 844 (emphasis added).  The new state court action would not be parallel to this one because TSN would not be a party.   It would be difficult to bring an action solely against Mr. diGirolamo when his liability and that of TSN are so closely related.  This Court is the best venue for Mr. Torres claim against Mr. diGirolamo, and the Motions should be denied.

6

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss of TSN and Edward diGirolamo should be denied.

Dated: June 17, 2009

                                            LAW OFFICE OF JAMES C. WHITE, P.C.

                                            /s/ James C. White_____
                                            James C. White
                                            N.C. Bar # 31859
                                            P.O. Box 16103
                                            Chapel Hill, NC 27516
                                            (919) 313-4636
                                            (919) 246-9113 fax
                                            jimwhite@jcwhitelaw.com

                                            ATTORNEY FOR MICHAEL L. TORRES

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this **MEMORANDUM OF LAW IN RESPONSE TO MOTION TO DISMISS** on the Bankruptcy Administrator and all interested parties by CM/ECF.

Dated: June 17, 2009

        LAW OFFICE OF JAMES C. WHITE, P.C.

        /s/ James C. White_____
        James C. White
        N.C. Bar # 31859
        P.O. Box 16103
        Chapel Hill, NC 27516
        (919) 313-4636
        (919) 246-9113 fax
        jimwhite@jcwhitelaw.com

        ATTORNEY FOR MICHAEL L. TORRES