UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| The Steel Network, Inc., | ) | Case No. 09-81230 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Applied Science | ) | Case No. 09-81231 |
| International, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| The Steel Network, Inc., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim | ) | |
| Defendant. | ) | |
| | ) | |
| v. | ) | Adversary No. 10-9019 |
| | ) | |
| Michael L. Torres, | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaim | ) | |
| Plaintiff and | ) | |
| Third-Party | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward diGirolamo, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant. | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

This case came before the court on July 8, 2010, for a hearing regarding the Motion for Leave to Amend Answer, Counterclaim, and Third-Party Complaint (the "Motion to Amend"), filed by Defendant Michael L. Torres on June 17, 2010. Appearing at the hearing were John H. Small, on behalf of The Steel Network, Inc. ("TSN"), Richard M. Hutson II, on behalf of Mr. DiGirolamo, and James C. White, on behalf of Mr. Torres. For the reasons that follow, the court has concluded that the Motion to Amend should be denied.

BACKGROUND

On March 19, 2010, TSN filed this adversary proceeding, concerning the validity and priority of certain agreements between TSN and Mr. Torres. The Complaint alleges that Mr. Torres was a shareholder, director and vice president of TSN. After Mr. Torres left the employ of TSN, the parties began negotiation over TSN's repurchase of Mr. Torres' shares.

TSN's complaint in this adversary proceeding contains four causes of action.[1] All four causes of action arose out of a Stock Redemption Agreement, a Promissory Note and a Security Agreement (the "Agreements"), executed on August 15, 2008, pursuant to which TSN would purchase Mr. Torres' shares.

---

[1]This Court makes no factual findings in this opinion and merely restates the allegations in the various pleadings.

At the time the Agreements were executed, TSN was a party to a loan agreement with Bank of America that restricted the terms by which TSN could make distributions or incur additional debt, and required that any such distribution or additional debt be subordinated to the debt owed to Bank of America.

Upon learning of the stock repurchase agreement, Bank of America informed TSN that if it made any payment to Mr. Torres prior to the execution of a subordination agreement, Bank of America would declare TSN in default. When TSN presented Mr. Torres with a subordination agreement, Mr. Torres allegedly refused to sign it, and instead declared TSN in default under the Agreements.

On March 12, 2009, Mr. Torres filed a state court action against TSN, Mr. diGirolamo and Bank of America seeking to recover from TSN under his promissory note and alleging other claims against Mr. diGirolamo and Bank of America. In the meantime, Bank of America, having declared TSN's loan in default, began exercising its rights under the loan agreements against TSN. In response, TSN filed its Chapter 11 bankruptcy petition on July 24, 2009.

On July 29, 2009, Mr. Torres' filed a proof of claim in the underlying bankruptcy case. The proof of claim asserts a $4,939,566.05 claim, and indicates the basis of the claim as "Promissory Note." The Agreements were attached along with a copy

of the state court complaint and a calculation of the claim amount. The deadline for filing a proof of claim in the case was November 24, 2009. TSN has not listed Mr. Torres as a creditor in it schedules. Rather, TSN asserts that Mr. Torres is an equity security holder.

The complaint filed by TSN alleges that: 1) the Agreements may be avoided under 11 U.S.C. § 548(a)(1) as fraudulent transfers; 2) any claim arising out of the Agreements should be subordinated to TSN's other creditors pursuant to 11 U.S.C. § 510(b); 3) any claim arising out of the Agreements should be equitably subordinated to TSN's other creditors pursuant to 11 U.S.C. § 510(c); and 4) the Agreements may be rescinded under N.C. Gen. Stat. § 55-6-40(c).

On April 21, 2010, Mr. Torres filed his original Answer, Counterclaim and Third-Party Complaint. Mr. Torres' asserted five causes of action against TSN: 1) breach of contract; 2) conversion; 3) attorney's fees; 4) unjust enrichment; and 5) breach of fiduciary duty, the same claims previously asserted against TSN in his state court action and the same claims contained in his proof of claim in the chapter 11 case.

On June 17, 2010, Mr. Torres filed the Motion to Amend, seeking to add counterclaims against TSN for fraud, negligent misrepresentation, and punitive damages. None of these claims were

included in the state court action nor in the proof of claim filed by Mr. Torres in the chapter 11 case.

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7015. Rule 15 provides that when a party cannot amend as a matter of course under Rule 15(a)(1), then "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "court has discretion to deny a motion to amend . . . so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A "court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Id. at 603.

TSN argues that granting the Motion to Amend would be futile since the proposed amended counterclaims were not asserted in Mr. Torres' proof of claim and the time for filing proofs of claim has expired. TSN argues that "[a] creditor is barred from pursuing causes of action in an adversary proceeding unless the recovery sought was included in its proof of claim," citing Associated Container Transportation (Australia) Ltd. v. Black & Geddes, Inc.

-5-

(In re Black & Geddes, Inc.), 58 B.R. 547 (Bankr. S.D.N.Y. 1983) and NL Indus., Inc. v. GHR Energy Corp., 940 F.2d 957 (5th Cir. 1991).

Black & Geddes involved plaintiffs who filed a complaint seeking to impose a constructive trust fifteen months after the claims bar date. The plaintiffs had filed an unsecured claim before the bar date, but the allegation of a constructive trust was a new theory. 58 B.R. at 549. The bankruptcy court granted summary judgment for the defendants on this claim. On appeal, the district court held that "the propriety of permitting an amendment to any particular claim is an issue traditionally residing within the sound discretion of the bankruptcy judge." Id. at 553. In confirming the summary judgment, the court held:

> A two-pronged inquiry has been developed to guide bankruptcy courts in the exercise of their discretion. A court should look first to whether there was timely assertion of a similar claim or demand evidencing an intention to hold the estate liable. Generally speaking, an amendment will not be permitted if it amounts to an attempt to file an entirely new claim. . . . The court should also examine all of the facts of the particular case, and determine whether it would be equitable to allow the amendment. . . . Particularly significant to the latter inquiry are determinations of whether other claimants might be prejudiced by the amendment, . . . and whether there is some justification for the movant's failure to file

a proper claim within the limitations period.

Id. (internal citations omitted). Numerous courts have employed this two-pronged test in determining whether to allow amendments to proofs of claim. See, e.g., In re Enron Corp., 419 F.3d 115 (2d Cir. 2005); In re Tri-State Ethanol Co., LLC, 2009 WL 1079776 (Bankr. D.S.D. 2009); In re Hawaiian Airlines, Inc., 386 B.R. 251 (D. Hawaii 2008); In re Integrated Resources, Inc., 157 B.R. 66, 69-70 (S.D.N.Y. 1993); In re Asia Global Crossing, Ltd., 324 B.R. 503 (Bankr. S.D.N.Y. 2005); In re Brown, 159 B.R. 710 (Bankr. D.N.J. 1993); In re Coover, 2006 WL 4491439 (Bankr. D. Kan. 2006); In re Parsons, 135 B.R. 283 (Bankr. S.D. Ohio 1991); In re Wilson, 136 B.R. 719 (Bankr. S.D. Ohio 1991); In re McLean Indus., Inc., 121 B.R. 704 (Bankr. S.D.N.Y. 1990); In re Leonard, 112 B.R. 67 (Bankr. D. Conn. 1990).

> Rule 3003(c)(2) provides that in a Chapter 11 case:
>
>> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2). Since the new claims contained in the proposed amended counterclaim against TSN are neither scheduled by

TSN nor contained in the proof of claim filed by Mr. Torres, such claims are subject to the limitation contained in Rule 3003(c)(2) under which Mr. Torres is precluded from being treated as a creditor with regard to such claims.

The court is persuaded by the above caselaw and Rule 3003 that in order to recover anything from the estate, an unscheduled creditor's proof of claim must provide a basis for any causes of action that may be asserted in an adversary proceeding. Mr. Torres' proof of claim does not include the new claims for fraud, negligent misrepresentation or punitive damages even though the alleged circumstances giving rise to the new claims occurred prior to the filing of the proof of claim and were within the personal knowledge of Mr. Torres well before the proof of claim was filed. No justification has been shown for the failure to include such claims in the proof of claim. The deadline for filing proofs of claim has passed and there is no basis in the proof of claim for the new claims. With no basis for the proposed counterclaims in his proof of claim, it would be futile to grant the Motion to Amend. Moreover, to allow the amendment and the introduction of the new claims against TSN at this time would be prejudicial to TSN. The deadline for filing claims in a chapter 11 case enables the reorganizing debtor to accurately assess the claims to be

considered in formulating a plan of reorganization and a disclosure statement. After the deadline for filing claims in the underlying chapter 11 case had passed, TSN formulated and filed a disclosure statement and proposed plan of reorganization. One of the matters addressed at length in the plan and disclosure statement is the complex dispute between TSN and Mr. Torres. These provisions revolve around and address the claims asserted by Mr. Torres in his proof of claim involving the agreements between TSN and Mr. Torres. To now inject entirely new claims by Mr. Torres would require a major reevaluation of numerous provisions of the plan involving Mr. Torres as well as other parties in interest such as Bank of America and the secured creditors who would be affected if the plan provisions regarding Mr. Torres were changed, and likely would require significant revisions to the plan and disclosure statement as well as renegotiation of terms previously consented to by other parties in interest. The delay, expense and risks associated with having to deal with an array of new claims at this late date in the reorganization should not be imposed upon TSN purely as a result of a claimant's failure to timely assert known claims.

## CONCLUSION

Based upon the foregoing, the court concludes that the Motion to Amend filed by Mr. Torres should be denied.

A separate order consistent herewith is being entered pursuant to Fed. R. Bankr. P. 9021.

This 30th day of July, 2010.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge