UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| The Steel Network, Inc., | ) | Case No. 09-81230 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Applied Science International, LLC, | ) | Case No. 09-81231 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| The Steel Network, Inc., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant. | ) | |
| | ) | |
| v. | ) | Adversary No. 10-9019 |
| | ) | |
| Michael L. Torres, | ) | |
| | ) | |
| Defendant, Counterclaim Plaintiff and Third-Party Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward diGirolamo, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION

This case came before the court on July 8, 2010, for a hearing regarding the motions to dismiss the Third-Party Complaint filed by The Steel Network, Inc. ("TSN") and Mr. diGirolamo. Appearing at

-1-

the hearing were John H. Small, on behalf of TSN, Richard M. Hutson II, on behalf of Mr. diGirolamo, and James C. White, on behalf of Mr. Torres. For the reasons that follow, the court has concluded that the Third-Party Complaint against Mr. diGirolamo is not permissible under Fed. R. Bankr. P. 7014. Therefore, the motions to dismiss shall be granted.

## BACKGROUND

On March 19, 2010, TSN filed this adversary proceeding, concerning the validity and priority of certain agreements between TSN and Mr. Torres. The following allegations are contained in the Complaint.[1]

Mr. Torres was a shareholder, director and vice president of TSN. After Mr. Torres left the employ of TSN, the parties engaged in negotiations regarding TSN repurchasing Mr. Torres' shares. On August 15, 2008, TSN and Mr. Torres executed a Stock Redemption Agreement, a Promissory Note and a Security Agreement (the "Agreements"), pursuant to which TSN would purchase Mr. Torres' shares. At the time the Agreements were executed, TSN was a party to a loan agreement with Bank of America that restricted the terms by which TSN could make distributions or incur additional debt and required that any such distribution or additional debt be subordinated to the debt owed to Bank of America. The Complaint

---

[1]This court makes no factual findings in this opinion. This background is provided only for the purpose of understanding the claims alleged in the Complaint and the Third-Party Complaint.

alleges that Mr. Torres knew or should have known that Bank of America would require Mr. Torres' debt to be subordinated to Bank of America's debt.

Upon learning of the stock repurchase agreement, Bank of America informed TSN that if it made any payment to Mr. Torres prior to the execution of a subordination agreement, Bank of America would declare TSN in default.  When TSN presented Mr. Torres with a subordination agreement, Mr. Torres allegedly refused to sign it, and instead declared TSN in default under his agreements with TSN.

On March 12, 2009, Mr. Torres filed a state court action against TSN, Mr. diGirolamo and Bank of America seeking to recover from TSN under his promissory note and alleging other claims against Mr. diGirolamo and Bank of America.  In the meantime, Bank of America, having declared TSN's loan in default, began exercising its rights under the loan agreements against TSN.  In response, TSN filed its Chapter 11 bankruptcy petition on July 24, 2009.

The Complaint alleges that: 1) the Agreements may be avoided under 11 U.S.C. § 548(a)(1) as fraudulent transfers; 2) any claim arising out of the Agreements should be subordinated to TSN's other creditors pursuant to 11 U.S.C. § 510(b); 3) any claim arising out of the Agreements should be equitably subordinated to TSN's other creditors pursuant to 11 U.S.C. § 510(c); and 4) the Agreements may be rescinded under N.C. Gen. Stat. § 55-6-40(c).

On April 21, 2010, Mr. Torres filed an Answer, Counterclaim and Third-Party Complaint.[2] The Third-Party Complaint contains claims for breach of fiduciary duty, fraud, constructive fraud, negligent misrepresentation, and punitive damages against Mr. diGirolamo, the majority shareholder and CEO of TSN.

On June 3, 2010, both TSN and Mr. diGirolamo filed motions to dismiss the Third-Party Complaint. Among other things, they argue that the impleader of Mr. diGirolamo is not proper under Fed. R. Bankr. P. 7014.

## ANALYSIS

Fed. R. Bankr. P. 7014 provides that Fed. R. Civ. P. 14 applies in adversary proceedings. Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14.

Under Rule 14, a "defendant may only bring in a third-party defendant when the third-party defendant is liable to the defendant for the losses sustained by the defendant as a result of plaintiff's claim." GE Healthcare Fin. Servs. v. EBW Laser, Inc., 225 F.R.D. 176, 180 (M.D.N.C. 2004). "Thus, the third-party defendant must be derivatively liable to the plaintiff." Id.

---

[2] On June 17, 2010, Mr. Torres filed a motion to amend his Answer, Counterclaim and Third-Party Complaint to allege additional claims against TSN. That motion is being denied pursuant to a separate order of this court.

A basis for impleader does not arise simply because the allegations in a third-party complaint arise from the same transaction involved in the complaint. <u>GE Healthcare</u> held:

> A transactional test is not appropriate to determine whether impleader is proper. This means that a separate and independent claim . . . cannot be brought under Rule 14 of the Federal Rules of Civil Procedure, even if it involves the same transaction or facts . . . . Instead, a party may only be impleaded under Rule 14 if the defendant is attempting to "pass on to the third party all or part of the liability asserted against the defendant."

<u>Id.</u> at 180 (quoting 3 <u>Moore's Federal Practice</u> § 14.04[3][a] (Matthew Bender 3d).

Courts are nearly unanimous in holding that the third-party defendant must have some possible derivative liability to the defendant for the plaintiff's claim or claims against the defendant. <u>See, e.g.</u>, <u>Bank of India v. Trendi Sportswear, Inc.</u>, 239 F.3d 428, 437-38 (2d Cir. 2000) ("the impleader action must be dependent on, or derivative of, the main . . . claim"); <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st Cir. 1999) ("the district court . . . should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings"); <u>Scott v. PPG Indus., Inc.</u>, 920 F.2d 927 (4th Cir. 1990) ("the third-party claim must be dependent on or related to the initial plaintiff's claim against the defendant") (unpublished table disposition); <u>Hefley v. Textron,</u>

Inc., 713 F.2d 1487, 1498 (10th Cir. 1983) ("impleader is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim'") (quoting United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967)); Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982) ("[i]mpleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim"); DIRECTV, Inc. v. Amerilink Corp., 2002 WL 31165149, at *3 (M.D.N.C. 2002) ("a cross-claim defendant's right to implead a third-party defendant is limited to situations where the third-party defendant may be liable to the cross-claim defendant for all or part of the cross-claim plaintiff's claim against the cross-claim defendant"); Rhodes, Inc. v. Morrow, 1997 WL 582878, at *2 (M.D.N.C. 1997) ("the third-party defendant's liability to the third-party plaintiff must be derivative of or secondary to the third-party plaintiff's liability to the plaintiff").

In this case, impleader is not proper because Mr. Torres does not in any way allege that Mr. diGirolamo "is or may be liable to [Mr. Torres] for all or part of [TSN's claims] against [Mr. Torres]." All of the claims asserted by Mr. Torres against Mr. diGirolamo are direct and independent claims against Mr. diGirolamo, and in no way raise the possibility of derivative

liability.

## CONCLUSION

Based upon the foregoing, the court concludes that the motions to dismiss filed by TSN and Mr. diGirolamo should be granted because Mr. diGirolamo is not a proper third-party defendant under Fed. R. Civ. P. 14(a).

A separate order consistent herewith is being entered pursuant to Fed. R. Bankr. P. 9021.

This 30th day of July, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge